UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COCHISE TERRELL,
                Petitioner,         03 Civ. 7613 (GBD) (DFE)

    -against-                      ORDER

JAMES WALSH,
Superintendent, Sullivan Correctional Facility,
                Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

    *Pro se* petitioner filed a writ of habeas corpus challenging his conviction, by a jury in Supreme Court, Bronx County, rendered on August 10, 2003, for manslaughter in the first degree. Magistrate Judge Douglas F. Eaton issued a Report and Recommendation ("Report") wherein he found that petitioner's two claims are without merit. He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice.

    *Pro se* petitioner's habeas petition raises the same two points presented by his appellate counsel in his state court direct appeal. Petitioner claimed that the weight of the evidence was insufficient to prove guilt beyond a reasonable doubt "when the key prosecution witness was an admitted liar and had used heroin twice the night of the shooting." Petitioner also claimed that he was deprived of due process when the prosecution was allowed to bolster the "key witness' severely impaired credibility by introducing her prior consistent statements."

    In his report, Magistrate Judge Eaton advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may

accept the Report provided there is no clear error on the face of the record.  See Nelson v. Smoth, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd, 167 F.3d 618 (2d Cir. 1998).  With respect to those portions of the Report to which petitioner did not specifically object, the Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b).  It is not required however, that the Court conduct a *de novo* hearing on the matter.  See United States v. Raddatz, 447 U.S. 667, 676 (1980).  Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which objections were made.  Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations."  Raddatz, 447 U.S. at 676.

The Court has examined petitioner's objections and finds each of them to be without merit.  "Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review."  Howie v. Phillips, 2004 WL 2073276, at *3 (Sept. 17, 2004 S.D.N.Y.) (Sweet, J.) (citing Maldonado v. Scully, 86 F. 3d 32, 35 (2d Cir. 1996).  The only issue for federal habeas review is whether the Appellate Division's ruling with respect to the sufficiency of the evidence was an unreasonable application of a prior holding of the Supreme Court.  The relevant question with respect to the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the

2

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Accordingly, the Appellate Division's ruling on the sufficiency of the evidence was entirely reasonable.

Receipt of the witness's prior consistent statement was also not a violation of petitioner's constitutional rights. In Crawford v. Washington, the Supreme Court reiterated that when a declarant appears for cross-examination at trial, "the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." 124 S. Ct. 1354, 1369, n. 9 (2004). An invocation of the due process clause more broadly is also unavailing for petitioner. "...[R]ulings by the state trial court on evidentiary questions are a matter of state law and pose no constitutional issue. Even if a state court improperly admits evidence, that decision does not violate due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." Green v. Goord, 2001 WL 946359, at *3 (Aug. 20, 2001 S.D.N.Y.) (Hellerstein, J.) (internal quotations and citations omitted). "Courts have consistently held that the admission of a prior consistent statement when the declarant is available for cross examination at trial...is not a question that rises to a constitutional level." United States ex. rel. Gonzalez v. DeTella, 918 F. Supp. 1214, 1222 (N.D. Ill. 1996), aff'd 127 F. 3d 619 (7th Cir. 1997), cert. denied, 523 U.S. 1032 (1998).

After reviewing the Report and petitioner's objections, the Court adopts the Report in its entirety. The petition is therefore dismissed.

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997);

3

Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

Dated: New York, New York
      December 6, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge